UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RAYMOND HARRIS; and NETTIE WOLFE,

      Plaintiff,

v.                                                            Case No. 6:15-cv-1057-Orl-37DAB

BAHAMIAN CLUB OWNERS ASSOCIATION, INC.; LINDA STAJDEL; and PETER BINGEL,

      Defendants.

## ORDER

This cause is before the Court on the Defendant, Bahamian Club Owners Association, Inc.'s Motion to Dismiss Complaint and Alternative Motion for More Definite Statement (Doc. 4), filed June 30, 2015. Upon consideration, the Court finds that the motion is due to be granted in part and denied in part.

## BACKGROUND

Plaintiffs Raymond Harris and Nettie Wolfe initially filed this action in state court, seeking recovery for "bullying, pestering, embarrassment, vilification, and shaming" that they allegedly endured while working for Defendant Bahamian Club Owners Association, Inc. (the "Association"), and its executives, Defendants Linda Stajdel and Peter Bingel. (Doc. 2, ¶¶ 2–6, 9.) Of the eleven claims asserted in Plaintiffs' complaint, only one—a Title VII retaliation claim—involves a federal question (*id.* ¶¶ 73–83 (citing 42 U.S.C. §2000e-3(a))); the other ten turn on questions of Florida contract and tort law (*id.* ¶¶ 32–72, 78–90). Nevertheless, Defendants removed, invoking the Court's federal-question jurisdiction over the Title VII claim and supplemental jurisdiction over the

ten remaining state-law claims. (Doc. 1, ¶¶ 6–7 (citing 28 U.S.C. § 1331, 1367).)

The Association now moves to dismiss Plaintiffs' complaint in its entirety for failure to state a claim.[1] (Doc. 4, p. 4 (citing Fed. R. Civ. P. 12(b)(6)).) Plaintiffs have not timely responded. *See* Local Rule 3.01(b); Fed. R. Civ. P. 6(d). The matter is ripe for adjudication.

## STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires a claimant to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint does not need detailed factual allegations; however, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (alterations and internal quotation marks omitted). When a complaint is challenged under Rule 12(b)(6), a court accepts as true all well-pleaded factual allegations and disregards unsupported conclusions of law. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678.

## DISCUSSION

The Court begins with Plaintiffs' Title VII claim, as it involves this action's only federal question. (*See* Doc. 2, ¶¶ 73–77.) Title VII has an "employee-numerosity requirement," which is designed to "spare very small businesses from Title VII liability."

---

[1] The other Defendants have also moved to dismiss (Docs. 10, 11), but, for the reasons addressed below, resolving those motions is not necessary to the Court's disposition of this action.

*Arbaugh v. Y&H Corp.*, 546 U.S. 500, 504 (2006) (citing 42 U.S.C. § 2000e(b)). Under the employee-numerosity requirement, organizations do not qualify as an "employer"—and thus are not subject to the Title VII's proscription against unlawful "employment practices"—unless they had "fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 42 U.S.C. §§ 2000e(b), 2000e-3(a). Employee numerosity is an element of a Title VII claim that the plaintiff bears the burden of proving. *Arbough*, 546 U.S. at 516.

Here, Plaintiffs fail to address how many people the Association (and, correspondingly, the individual Defendants) employed during the time period relevant to their Title VII claim. (*See* Doc. 2, ¶¶ 73–77.) They do, however, affirmatively assert that Association currently "has *less than* fifteen (15) employees" and "does not fall within the purview of the EEOC." (*Id.* ¶ 18 (emphasis added).) Based on those assertions, the Court finds that Plaintiffs have failed to adequately allege employee numerosity and therefore failed to state their Title VII claim. *See Arbough*, 546 U.S. at 516. Further, because the record provides no indication that amendment would cure the failure, the Court finds that Plaintiffs' Title VII claim is due to be dismissed with prejudice.

Having dismissed the only claim that independently anchored federal jurisdiction, the Court declines to retain jurisdiction over Plaintiffs' remaining state-law claims, which are therefore due to be remanded. *See* 28 U.S.C. § 1367(c)(3).

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Defendant, Bahamian Club Owners Association, Inc.'s Motion to Dismiss Complaint and Alternative Motion for More Definite Statement (Doc. 4) is

    **GRANTED IN PART AND DENIED IN PART**.

  a. The motion is **GRANTED** to the extent that Plaintiffs' Title VII claim (Doc. 2, ¶¶ 73–77) is **DISMISSED WITH PREJUDICE**.

  b. In all other respects, the motion is **DENIED WITHOUT PREJUDICE** to its reassertion in state court.

2. This action is **REMANDED** to the Circuit Court of the Seventh Judicial Circuit, in and for Volusia County, Florida.

3. The Clerk is **DIRECTED** to terminate all pending motions and deadlines and to close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on July 23, 2015.

*[Signature]*
ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record

Circuit Court of the Seventh Judicial Circuit, in and for Volusia County, Florida